SAM'L SHERRILL et al. v. RICHARD MADRY.

·UNLAWFUL DETAINER.  Appeal bond.  Upon an appeal by the defendant
from a judgment against him in the circuit court in a suit of unlaw-
ful detainer, the plaintiff moved to dismiss the appeal for want of an
appeal bond in a sufficient sum to cover the rent of the premises
pending the litigation, or for a receiver.  Held, that both motions
must be disallowed.

FROM GILES.

Appeal in error from the Circuit Court of Giles.
McLEMORE, J.

ROSE & TINNON for Sherrill.

W. H. McCULLUM and A. J. ABERNATHY for Madry.

COOPER, J., delivered the opinion of the court.

On the 8th of January, 1880, Madry brought his
action of unlawful detainer against Sherrill and others
before a justice of the peace.   The justice gave judg-
ment for the defendants, and the plaintiff appealed.

In the circuit court the cause was heard by the
judge without a jury, and he rendered a judgment in
favor of the plaintiff, for the possession of the land
and the costs.   The defendants prayed and obtained
an appeal in error to this court, the appeal bond
being in the sum of $400, conditioned "to satisfy the
rent of the land for the year 1880, estimated at $200,
eand to satisfy the judgment or decree of the suprem

court in the premises." Madry, the defendant in error, now moves the court to dismiss the appeal for want of a proper bond, and in the event the motion fails, that a receiver be appointed.

The motion to dismiss the appeal is based upon the ground that the appeal bond should be in a sufficient sum to cover, besides the costs and damages, the value of the rent of the premises during the litigation. The counsel cites in support of this position, the Code, sec. 3373*b*, and *Buchanan* v. *Robinson*, 3 Baxt., 147. But the section of the Code referred to, which is the second section of the act of February 9, 1870, ch. 64, in terms only provided for the bond which the judge shall require from the defendant upon a grant of writs of error and supersedeas to bring up the justice's judgment to the circuit court. "There is no express provision," says Nicholson, Ch. J., in commenting on the act of 1870, "as to the character of bonds to be executed upon appeals from the circuit court to this court from judgments rendered in the circuit courts": *Buchanan* v. *Robinson*, 3 Baxt., 150. The only point ruled by that case was, that the act did not affect the pre-existing law; that the defendant, upon a judgment against him in forcible or unlawful detainer, continued in possession during the litigation. The application before the court was to supersede an order putting the plaintiff in possession, notwithstanding the defendant's appeal. In *Ladd* v. *Riggle*, 6 Heis., 620, which was an action of unlawful detainer, commenced about one month before the passage of the act of 1870, but tried afterwards at

the March term, 1871, in the circuit court, it was held that the appeal from the circuit court lay only under the Code, sec. 3159, without any special provision as to the bond, and that the court had no jurisdiction to render judgment on the appeal for rents which had accrued pending the appeal.

The plaintiff below might have compelled the defendant to give bond in double the value of two years' rent, conditioned for the payment of costs and damages, and the performance of the judgment of this court, under the act of 1879, ch. 85, if he had himself executed a similar bond to entitle himself to the writ of possession, notwithstanding the appeal. This was not done.

No argument has been submitted in support of the motion for a receiver, and we are not aware of any law to sustain it.

The motion must be disallowed, with costs.